NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET BURNS MERENDA | : |
| | : |
| Appellant, | : |
| | : Case No.: 3:18-cv-8777-BRM |
| v. | : |
| | : **OPINION** |
| NANCY BERRYHILL, in her official capacity as Acting Commissioner of Social Security | : |
| | : |
| | : |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Margaret Burns Merenda's ("Merenda") appeal from the final decision of the Acting Commissioner of Social Security ("Commissioner"),[1] denying her application for disability insurance benefits. Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1, and having declined to hold oral argument pursuant to Federal Civil Rule 78(b), for the reasons set forth below and for good cause shown, the Commissioner's decision is **AFFIRMED**.

## I.    BACKGROUND

On December 22, 2014, Merenda protectively filed an application for disability benefits, alleging disability since June 19, 2013. (Tr. 197-98.) The Social Security Administration denied her application following an initial review and following reconsideration. (Tr. 63-68, 70-77.) Merenda filed a written request for a hearing before an ALJ. (Tr. 90-91.) The ALJ held a

---

[1] Upon the Appeals Council's Order denying Merenda's request for a review of the Administrative Law Judge's ("ALJ") decision, the ALJ's decision became the final decision of the Commissioner. (Tr. 1-6.)

hearing on April 25, 2017, at which Merenda and impartial vocational expert Arthur M. Brown both testified.  (Tr. 35-62.)

On May 10, 2017, the ALJ issued a written opinion, determining that Merenda was not disabled.  (Tr. 29.)  The ALJ found that Merenda had put forward medical evidence of multiple severe impairments, including choronic sinusitis, asthma, contact dermatitis, and specific antibody deficiency.  (Tr. 17-18.) However, the ALJ found that the combination of those impairments did not meet or medically equal the severity of the impairments listed in in the Social Security regulations.  (Tr. 18.)  Additionally, the ALJ found that Merenda had the residual functional capacity to perform certain light work so long as she avoided exposure to her allergens.  (Tr. 18-26.)  Finally, the ALJ found that jobs exist in significant numbers in the national economy that Merenda can perform, notwithstanding her medical issues.  (Tr. 27-28.)

The Appeals Council denied Merenda's request for review, establishing the ALJ's decision as the Commissioner's final decision.  (Tr. 1-6.)  Having exhausted her administrative remedies, Merenda filed this action seeking review of the Commissioner's final decision on May 3, 2018.  (ECF No. 1.)

## II.  STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001).  The Commissioner's decisions regarding questions of fact are deemed conclusive on a reviewing court if supported by "substantial evidence in the record."  42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

## III. THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. §§ 423(d)(1)(A), 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a)(1). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity."  *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987).  If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits.  *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140.  Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146-47 n.5.  Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b).  These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling."  *Id.*  A claimant who does not have a severe impairment is not considered disabled. *Id.* § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Impairment List").  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits.  *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146-47 n.5.  If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a).  If there is more than one impairment, the ALJ then must consider whether

the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679-80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical

impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*, 482 U.S. at 146-47 n.5). An administrative law judge bears the burden of proof for the fifth step. *See id.* at 263.

## IV. DECISION

Merenda argues that this Court should reverse the ALJ's decision because (1) no substantial evidence supports the ALJ's finding that Merenda can work because she can tolerate concentrated exposure to her allergens, and (2) there is no work in the national economy that Merenda can perform. (ECF No. 14, at 2.) The Court rejects both arguments.

### A. Exposure to Allergens

Substantial evidence supports the ALJ's finding that Merenda can work because she can tolerate concentrated exposure to her allergens. The ALJ engaged in a thorough review of the medical evidence, which included visits to multiple physicians. The ALJ noted that in general, Merenda's treatment providers found her healthy and (with notable exceptions) graded most of her health indicators as normal. (Tr. 21-25.) For the medical issues she did face, the ALJ observed that Merenda's treatment providers determined that she responded well to treatment and that her symptoms were manageable and improving. (Tr. 21-25.) Reviewing the medical

evidence, the ALJ also took note of Merenda's own statements to her medical providers that she was doing well. (Tr. 21-25.) The ALJ explained that her treatment was routine in nature and that she never sought emergency care in connection with her symptoms, with none of the major medical attention one would normally associate with a disabling condition—in fact, the ALJ noted large gaps in her treatment coverage altogether, indicating that she did not feel a need to seek further treatment during these periods. (Tr. 26.) As the ALJ explained, this is not the kind of medical record expected of someone who is unable to function. (Tr. 26.)

The ALJ supplemented this review of the medical evidence with evidence of Merenda's general ability to perform the actions of everyday life: the ALJ noted evidence that Merenda could cook, clean, care for her children (including obtaining medical care for them and providing homework assistance), ride her bicycle, participate in carpools, and walk. (Tr. 26.) This, the ALJ found, "suggests that [Merenda] is not as limited as one would expect, given her complaints of disabling symptoms and limitations." (Tr. 26.)

All of this evidence is supported by the record. (Tr. 239-46, 256-63, 323-30, 341, 400, 404, 434, 445, 446, 448-50, 451, 476, 484-86, 487, 497-506, 508-09, 514, 518, 523, 527, 531, 543, 551-52, 563-65, 566, 573, 580, 584, 630, 632, 644-45, 652, 670, 673, 683, 689.) While Merenda points to contrary evidence supporting her claim of impairment, this Court may not reweigh the evidence or review the ALJ's decision *de novo*. *Williams*, 970 F.2d at 1182. In light of the evidence cited in the ALJ's decision, the ALJ could reasonably find that Merenda's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 21.) Substantial evidence supports the ALJ's decision.

The Court also rejects Merenda's contention that this Court must reverse the ALJ's decision because of its use of the undefined adjective "concentrated" to describe the level of allergen exposure Merenda must avoid. The term arose at the hearing during the testimony of the vocational expert. (Tr. 57-62.) The parties, the testifying witness, and the ALJ all appear to have understood the term "concentrated" exposure in relation to the more explicitly defined "moderate" exposure (meaning two thirds of an eight-hour day). (Tr. 58-59.) The term is therefore not so ambiguous that this Court must vacate the ALJ's decision and remand for reconsideration.

Even if the Court were to find the term "concentrated" exposure to be ambiguous, Merenda's counsel had an opportunity to cross-examine the vocational expert and—to the extent the term is ambiguous—clarify the meaning of "concentrated" exposure, but did not do so. (Tr. 60-62.) Merenda cannot now urge reversal on a ground not appropriately raised at the hearing. *Cf. Red Clay Consol. Sch. Dist. v. T.S.*, Civ. No. 10-784, 2011 WL 4498964, at *3 (D. Del. Sept. 27, 2011).

## B.  Work in the National Economy

Merenda also argues that the ALJ erred by finding that there is no work in the national economy that Merenda could perform. The Court rejects this argument because it is predicated on Merenda's argument that the ALJ should have found that Merenda could not work any job with even moderate exposure to her allergens.

The vocational expert did testify that there was no work in the national economy in which a person could avoid moderate exposure to allergens—that is, exposure for two thirds of an eight-hour day. (Tr. 60-61.) However, the non-existence of any jobs fitting this restriction does not apply to Merenda because the ALJ found that Merenda did not have a restriction this severe.

*See, e.g.*, *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ need determine only whether jobs exist in the national economy in which an employee could avoid concentrated allergen exposure—the level of exposure the ALJ found Merenda needed to avoid. The vocational expert testified that such jobs did exist in significant numbers. (Tr. 59-60.) The record contains no contrary evidence. Therefore, the ALJ properly found that work exists in significant numbers in the national economy which Merenda could perform.

**V.** **CONCLUSION**

For the reasons set forth above and for good cause having been shown, the decision of the

Commissioner is **AFFIRMED**.  An appropriate order will follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  September 30, 2019